516 So.2d 396 (1987)
STATE of Louisiana
v.
Barry JONES.
No. 87-KA-153.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*398 George T. Oubre, La Place, for appellant.
John M. Crum, Jr., Dist. Atty., 40th Judicial Dist., Thomas Daley, George Ann Hayne Graugnard, Asst. Dist. Attys., Edgard, for appellee.
Before CHEHARDY, C.J., and GRISBAUM and GOTHARD, JJ.
CHEHARDY, Chief Judge.
On September 3, 1986, Barry Jones was convicted by a jury of violation of LSA-R. S. 14:62, simple burglary. On December 22, 1986, the district court found the defendant to be a habitual offender, pursuant to LSA-R.S. 15:529.1, and sentenced him to fifteen years at hard labor. The defendant has appealed.
The facts of the case are as follows:
On June 14, 1985, Lawrence Triche returned to his home on East 12th Street in Reserve. Upon returning to the house, some time between 11:30 p.m. and midnight, he discovered that the house's side door and patio door were open. He drove two blocks to a public telephone, from which he called the police, then returned to the house. When Detective Kenneth Smith of the St. John the Baptist Parish Police Department arrive at the scene, he discovered that the door had been broken and Triche's dog had been locked in the bathroom.
Several items had been taken from the house, including a 47-inch wide-screen television, a black-and-white television, a microwave oven, a yellow-gold Bulova watch, jewelry, food, and medication. Investigators lifted two fingerprints from the scene and sent these, together with a silverware chest that appeared to have been handled, to the State Police crime laboratory. No prints were ever identified, however.
On June 15, 1985, Triche's neighbor, Harold Richoux, informed Detective Smith that on the prior evening, around 9:30 p.m., he had noticed an old green pickup truck parked in front of Triche's house. Two black males were inside the house; a third black male was walking from the house to the truck.
On June 16, 1985, Detective Smith received a report of suspicious activity involving two black males and an old green pickup truck in the Belle Point subdivision. Detective Smith searched the area and located the truck and three black males, identified as Barry Jones, Charles Stuart, and Parnell Collins. Detective Smith brought them to the police station and interviewed each separately. Jones denied knowledge of the crime and Stuart refused to speak to Smith. Collins, however, admitted that the three had burglarized the Triche home and told Smith where some of the stolen goods could be found.
On the basis of Collins' information, Smith obtained a search warrant for the residence of Robert Taylor on East 26th Street. Several items from Triche's residence, including the wide-screen television, were found there.
At Jones' trial, Parnell Collins testified for the prosecution. He stated that on June 14, 1985, he, the defendant, and Charles Stuart went riding around in the pickup truck, "looking for a place to make a hustle." They went to a house on 12th Street and Stuart knocked on the front door. When no one answered, they moved the truck to the next street, then returned. Stuart kicked in the door, they entered the house, and Stuart locked the dog in the bathroom. The three men began taking things out of the house through a sliding glass door next to the kitchen and from *399 there to a grassy area. Next they drove the truck around and put the items inside. They made three trips to the house, one at 7:00 p.m., one at 7:30 p.m., the last between 8:30 and 9:00 p.m.
After either the first or second trip to the house, Collins said, and again after the last trip, they drove to the residence of Bobby Taylor, where Stuart sold the items to Taylor and divided the money among the three perpetrators. (Each man received approximately $150.)
Collins admitted on the stand that he had pleaded guilty to burglary.
Eileen Creecy testified as an alibi witness for the defendant. She stated that prior to Jones' arrest he resided with her at East 13th Street, Apartment 208A, in Reserve. On June 14, 1985, she said, the defendant was at a neighbor's house helping to repair a van; at around 8:30 p.m., he came over to Creecy's house and played with her children.
Although defendant raises numerous assignments of error, we find merit to only one. We shall discuss them in the order raised.

ASSIGNMENT OF ERROR NO. 1
The defendant asserts the trial court committed reversible error in failing to allow defendant (who appears in these proceedings as an indigent) funds to hire a private investigator to assist him and his counsel in the preparation for trial in this matter.
The right to a private investigator may in many cases be an adjunct to the right to counsel. State v. Madison, 345 So.2d 485 (La.1977). To obtain funds for such a purpose, however, an indigent defendant must make a showing that existing evidence is crucial to his defense and that he is without means to obtain that evidence. State v. McCabe, 420 So.2d 955 (La.1982); State v. Monroe, 397 So.2d 1258 (La.1981).
In State v. Simms, 465 So.2d 769 (La. App. 5 Cir.1985), this Court held that the trial judge correctly denied a motion for an investigator, where the motion demonstrated no special circumstances warranting the appointment of an investigator.
Here, the defendant's motion alleged the need for a private investigator to "interview numerous witnesses" and to "investigate the entire case," but made no showing that these witnesses had knowledge of evidence crucial to the case or that he could not otherwise obtain the evidence. Absent such a showing, we conclude the trial court properly denied the motion.

ASSIGNMENTS OF ERROR NOS. 2 & 3
These assignments alleged error in the exclusion of two prospective jurors; however, they were not briefed before this Court and are, therefore, deemed abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NO. 4
The defendant asserts the prosecutor committed reversible error by arguing to the jury that the defendant could have subpoenaed certain witnesses who were not present.
The prosecutor's statement was made after defense counsel asked the jury, in closing argument, to consider why the State had not called certain named witnesses. The prosecutor responded, on rebuttal, "When you ask why the State doesn't have them here, ask yourself why the defense doesn't have them here."
We find no merit to this assignment. The defendant did not object to the rebuttal statements at the time they were made or at the close of rebuttal. A defendant's failure to object to potentially prejudicial comments to a jury, to move for a mistrial, or to request an admonition to the jury from the judge constitutes a waiver of any error on appeal. State v. Mitchell, 412 So.2d 547 (La.1982). Further, the remarks were within the scope of LSA-C.Cr.P. art. 774. See State v. Robinson, 480 So.2d 329 (La.App. 3 Cir.1985), writ den. 498 So.2d 13 (La.1986).

*400 ASSIGNMENT OF ERROR NO. 5
The defendant asserts the trial court committed reversible error by denying his motion for new trial, which was predicated on newly-discovered evidence. The defendant alleged in his motion that he had found witnesses who could have proven that defendant was elsewhere at the time of the crime.
LSA-C.Cr.P. art. 851 provides that a new trial shall be granted, on motion of the defendant, whenever "new and material evidence" is available that was not discovered before or during trial, notwithstanding the exercise of reasonable diligence by the defendant. LSA-C.Cr.P. art. 854 sets out the allegations of fact that must be made in such a motion for new trial. This Court summarized the requisites in State v. Ruffin, 475 So.2d 1375, 1381 (La.App. 5 Cir. 1985):
"(1) [T]he evidence must have been discovered since the trial; (2) failure to learn of the evidence at the time of trial was not due to defendant's lack of diligence; (3) it must be material to the issues at the trial; (4) it must be of such a nature that it would probably produce an acquittal in the event of retrial. * * *"
Although the application of these precepts to newly-discovered evidence by the trial judge is a question of law, his decision is entitled to great weight and should not be disturbed on review if a reasonable man could differ as to the propriety of the trial court's action. State v. Talbot, 408 So.2d 861 (La.1981) (on rehearing).
In this case, the defendant alleges that the newly-discovered witnesses' testimony would have bolstered the alibi to which Eileen Creecy testified, but he failed to show (either in his motion or at the hearing thereon) that these witnesses could not have been discovered earlier with the exercise of reasonable diligence.
Further, considering that defendant was positively identified by a co-perpetrator as a participant in the burglary, we cannot say the evidence is of such a nature that it would be likely to produce an acquittal.
Accordingly, we find no merit to this assignment.

ASSIGNMENT OF ERROR NO. 6
In this assignment, the defendant argues that the court erroneously charged the jury by failing to advise the jury of all the responsive verdicts that could be returned.
Defendant's specific complaint is that the court failed to charge the jury it could return the verdict of "guilty of an unauthorized entry of a place of business." At the legislative session in the summer prior to defendant's trial, the Legislature had added to the Criminal Code R.S. 14:62.4, establishing the crime of unauthorized entry of a place of business. During the same session, LSA-C.Cr.P. art. 814(A)(44) was amended to include "unauthorized entry of a place of business" as a responsive verdict to the charge of simple burglary.
We find no error in the exclusion of "unauthorized entry of a place of business" from the responsive verdicts here, however. Although it is designated as a lesser offense, it is not applicable under the facts before us because an essential element of that particular offense is lacking: specifically, that the structure entered is used "in whole or in part as a place of business." See LSA-C.Cr.P. art. 814(C); State v. Henry, 439 So.2d 1242 (La.App. 5 Cir.1983), aff'd 449 So.2d 486 (La.1984).

ASSIGNMENTS OF ERROR NOS. 7, 8 & 9
In these assignments the defendant challenges the sufficiency of the evidence. He asserts that the testimony of Parnell Collins, his co-perpetrator, was unreliable because Collins is an "admitted liar" and a convicted felon. He contends that the testimony of Harold Richoux, the victim's neighbor, was incredible because it conflicted with Collins' testimony about when the men left the victim's house. Finally, he argues that Eileen Creecy provided him an alibi that was not proven false, so that there was no evidence of his guilt "beyond a reasonable doubt."
*401 We find no merit to these assignments. The defendant's allegations relate to the credibility of the witnesses, which is not subject to review by this court. See State v. Sharlow, 493 So.2d 213 (La.App. 5 Cir.1986), writ den. 496 So.2d 329.
In reviewing the evidence for sufficiency, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The elements of simple burglary, under R.S. 14:62, are "the unauthorized entering of any dwelling * * * or other structure * * *, with the intent to commit a felony or any theft therein * * *." The testimony at trial established that the defendant, with two other men, entered Triche's home three times; that on each entry they removed various items from the home; that they sold these items to a third party; that Triche had not given them permission to enter his house. Viewing the evidence in the light most favorable to the prosecution, we find there is sufficient evidence to show that defendant was guilty of simple burglary beyond a reasonable doubt.

ASSIGNMENT OF ERROR NO. 10
The defendant argues the trial court erred in failing to dismiss the charges against him pursuant to his motion to dismiss for failure to grant a speedy trial. He asserts he was not brought to trial within 120 days of filing a motion for speedy trial, in violation of LSA-C.Cr.P. art. 701(D), and that his constitutional right to a speedy trial was violated.
We find no merit to this claim. Once a defendant has been tried, any allegation of a violation of C.Cr.P. art. 701 raised after trial is moot. State v. Johnston, 480 So.2d 823 (La.App. 2 Cir.1985). Further, the record establishes that, during the first nine months of defendant's 14-month incarceration following his arrest, he was not brought to trial due to repeated continuances requested by his own counsel, who withdrew five months before trial. Although his substituted counsel filed the motion for speedy trial, the trial was again delayed by repeated defense requests for continuances.
Considering not only these events, but also the defendant's failure to assert any prejudice accruing to him as a result of the delay, we find no error in the trial court denial of the motion to dismiss.

ASSIGNMENT OF ERROR NO. 10[B]
Defendant's final assignment of error was not filed in the district court, but is argued to this court in his brief with a duplicate designation of "10." He asserts the trial judge erred in enhancing the punishment meted out to the defendant, because the State failed to prove that the defendant was fully informed and advised of his constitutional rights, at the two prior convictions on which the State relied.
To prove a defendant is a habitual offender, the State must establish by competent evidence that there is a prior felony and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982). Where the prior conviction was made pursuant to a plea of guilty, the State must prove the plea was obtained after the defendant was advised of and knowingly waived his constitutional rights by pleading guilty pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Holden, 375 So.2d 1372 (La.1979).
The prosecution presented evidence of two prior convictions against the defendant to prove the habitual offender charge. The first was a guilty plea to simple burglary, tendered and accepted on September 14, 1981, in case No. 117-81 on the docket of the 40th Judicial District Court. The second was a guilty plea to armed robbery, tendered and accepted on November 15, 1982, in case No. 66-82 on the docket of the same court.
*402 With respect to No. 117-81, the State introduced the testimony of John Crum, the assistant district attorney who had prosecuted that case. Crum identified the defendant as the person who had pleaded guilty to simple burglary on September 14, 1981. To prove the defendant had been "Boykinized" the State introduced the transcript of the Boykin colloquy.
Crum's identification of defendant satisfies the requirement that the State prove he is the same person as in the prior conviction. See State v. Valentine, 397 So.2d 1299 (La.1981). As for the Boykin colloquy, the only possible defect is that the judge did not specifically tell defendant he had a right against self-incrimination. We conclude, however, the colloquy is not deficient because the judge made it clear that it was defendant's choice whether he would plead guilty or go to trial and whether he would testify at any trial. We believe this adequately advised the defendant of his right against self-incrimination. Accordingly, it was proper for the trial court to consider this conviction in finding the defendant a habitual offender.
With respect to No. 66-82, the State introduced the testimony of Madeline Jasmine, the assistant district attorney who had prosecuted that case. She identified Barry Jones as the person who pleaded guilty to the armed robbery charge. As noted above, this is sufficient to show that the defendant is the same person as the one previously convicted.
To prove the defendant was properly "Boykinized," the State introduced a minute entry from the record of that case that states, "Plea and waiver signed. Boykin given." The State also introduced a waiver-of-rights form signed by the defendant. The minute entry, however, does not indicate that defendant's constitutional rights were explained and that he understood those rights. Further, the waiver form was not signed by the trial judge, nor is there any indication that each section of the form was explained to the defendant.
Under the circumstances, we are compelled to conclude that the trial court erred in finding that the defendant had been properly "Boykinized" for the conviction in No. 66-82 and in using that conviction to find defendant a habitual offender. See State v. Tucker, 405 So.2d 506 (La.1981).
Finally, we note that the trial judge merely stated that the defendant was found to be a habitual offender, but made no determination whether the defendant is a second or third offender. Accordingly, the conviction under the Habitual Offender statute was defective and the case must be remanded. The State is not barred from presenting additional evidence, because a defendant is not protected by principles of double jeopardy from being tried again on the question of a prior felony conviction. See State v. Johnson, 432 So.2d 815 (La. 1983).
For the foregoing reasons, we vacate the sentence and remand the case for further proceedings to clarify the issue of defendant's habitual offender status.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.