PER CURIAM.
|! Granted. The decision of the court of appeal is reversed, defendant’s adjudication and sentence as an habitual offender is vacated, and this case is remanded to the district court for resentencing.
In addressing defendant’s argument that he had “cleansed” his prior conviction for armed robbery, used as the basis to sentence him as a second offender for purposes of La.R.S. 15:529.1(A)(l)(a), the court of appeal calculated the applicable 10-year period under La.R.S. 15:529.1(0 from the full term date of the sentence on his prior conviction for armed robbery, September 23, 1990. The court of appeal used the full term date, despite documents in defendant’s “pen packet” indicating that he had been released from the penitentiary on January 3, 1988, because under present law, “[w]hen a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.” La.R.S. 15:571.5(A)(1); see also La.R.S. 15:574.6 (“The parole term, when the board | ¡..orders a prisoner released on parole, shall be for the remainder of the prisoner’s sentence, without any diminution of sentence for good behavior.”). On that premise, the court of appeal rejected defendant’s argument that he had “cleansed” his prior conviction by the time he committed his subsequent felony offense in December, 1999, because 10 years had not elapsed from the expiration of the full term date on his prior conviction.
However, 1981 La. Acts 762, which enacted La.R.S. 15:571.5, specifically provided that “[t]he provisions of this Act shall apply to offenses committed on or after the effective date of this Act.” The act further provided an effective date of July 1, 1982. The allegations of the habitual offender bill in the present case show that the defendant committed his prior offense of armed robbery on September 12, 1980, or well before the effective date of 1981 La. Acts 762. Under former law, discharge from the physical custody of the Department of Public Safety and Corrections meant full discharge from the custody and supervision of the state. State v. Anderson, 349 So.2d 311, 314 (La.1977). The correct date by which to calculate the cleansing period in the present case was therefore January 3, 1988, the date on which defendant was released from the penitentiary on good time credits, and not his full term date of September 23, 1990. Assuming that he had no other intervening periods of incarceration, La.R.S. 15:529.1(0, defendant had therefore apparently “cleansed” that prior conviction by the time he committed the subsequent (instant) offense at the end of 1999.
JOHNSON, J., concurs in the grant.
TRAYLOR, J., dissents.