PER CURIAM.
_JjWe granted the State’s writ application in this criminal matter to review whether the State produced sufficient “competent evidence” to convict the defendant as a quadruple offender under La.Rev.Stat. § 15:529.1 (the “Habitual Offender Act”). After reviewing the transcript and the evidence presented at the habitual offender hearing, we conclude the District Court erred in finding the State’s evidence was insufficient to prove the defendant was the same person who pled guilty to three prior felony offenses. In a plurality decision, the Court of Appeal denied writs. For the following reasons, we reverse the District Court’s ruling and remand for the defendant to be sentenced as a fourth felony offender.
In this case, the defendant was convicted of one count of unauthorized use of a motor vehicle in violation of La.Rev.Stat. § 14:68.4. At the defendant’s sentencing, the State filed a bill of information alleging the defendant was a quadruple offender in violation of the Habitual Offender Act. Specifically, the State alleged the defendant had previously pled guilty to (1) possession of cocaine in violation of La.Rev. Stat. § 40:967(0(2) in Case Number 349-012 on January 27, 1992, (2) access device fraud in violation of La.Rev.Stat. § 14:70.4 in Case Number 368-994 on July 20, 1994, and (3) possession of heroin in violation of La.Rev.Stat. § 40:966(0(1) in Case Number 409-821 on October 20, 1999. After | ^conducting a habitual offender hearing, the District Court concluded the State *300 failed to establish the defendant’s identity as the person who pled guilty to these three prior felonies. In reaching this conclusion, we find the District Court erred by failing to apply the appropriate standard when weighing the evidence presented.
To meet its burden under the Habitual Offender Act, the State must establish both the prior felony conviction and the defendant’s identity as the same person who committed that prior felony. State v. Payton, 00-2899, p. 6 (La.3/15/02), 810 So.2d 1127, 1130; State v. Neville, 96-0137, p. 7 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 539-40. This Court has repeatedly held the Habitual Offender Act does not require the State to use a specific type of evidence to carry its burden at á habitual offender hearing. Rather, pri- or convictions may be proved by any competent evidence. Payton, 00-2899 at p. 8, 810 So.2d at 1132; State v. Blackwell, 377 So.2d 110, 112 (La.1979); State v. Curtis, 338 So.2d 662, 664 (La.1976). After reviewing the record, we find the State produced sufficient competent evidence to establish the defendant’s identity as the person who committed each of the three prior felonies alleged.
First, to meet its burden with respect to the possession of heroin (Case Number “409-821”) conviction, the State introduced Exhibits S-2 and S-5. Exhibit S-2 contained an arrest register identifying the 409-821 defendant as “White, Vor-ris A. J” with a date of birth of January 28, 1958, and a social security number of XXX-XX-XXXX.[1] The 409-821 defendant’s fingerprints appeared on the back of this arrest register. Likewise, Exhibit S-5 included, inter alia: (1) the 409-821 defendant’s fingerprints on the reverse side of a bill of information charging “Vor-ris White” with possession of heroin; (2) a screening action form listing “White, Vor-ris A. Jr.” with a date of birth of January 28, 1958, and a Bureau of Identification number of “185902”; and, (3) a docket master identifying the 409-821 defendant as “White, Vorris AJR” and indicating the 409-g21a defendant pled guilty to the offense on October 20, 1999. The State also introduced Exhibit S-l which contained the fingerprints of the defendant taken during a recess the morning of the habitual offender hearing. Additionally, the State called and the District Court certified Officer Jay Jacquet as a fingerprint expert. The District Court found the State failed to prove the defendant’s identity as the 409-821 defendant in part because Officer Jacquet never compared the fingerprints in Exhibits S-l, S-2, and S-5. The record reflects, however, Officer Jac-quet both compared the fingerprints contained in Exhibits S-l, S-2, and S-5, and testified the prints from Exhibits S-2 and S-5 matched the prints in Exhibit S-l taken from the defendant that very morning. Therefore, by eliciting this “expert opinion regarding the fingerprints of the defendant when compared with those in the prior record,” Payton, 00-2899 at p. 6, 810 So.2d 1130, the State presented competent evidence establishing the defendant as the same person who pled guilty in 409-821 of possession of heroin. The District Court further found each of the three prior felonies charged in the defendant’s multiple bill contain slightly different variations on the defendant’s name throughout, sometimes identifying him as “White, Vor-ris A. J,” “Vorris White,” “Vorris A. White,” “White, Vorris AJR,” and “White, Vorris A., Jr.” In light of the matching fingerprints on Exhibits S-l, S-2, S-4, and *301 S-5, the other matching identifiers across the exhibits, and the docket master and a minute entry on the record for the instant case (Case Number “495-050”) refer to the defendant as “White, Vorris A Jr.,” we find these discrepancies are neither significant nor suggestive the defendant is a different person from the defendant convicted in 409-821, 368-994, or 349-012.
The State next introduced Exhibit S-4 to establish the defendant was the same person who pled guilty to unauthorized use of an access card (Case Number “368-994”). Exhibit S-4 contained, inter alia: (1) a docket master identifying the |4368-994 defendant as “White, Vorris AJR”; (2) an arrest register which also identified the 368-994 defendant as “White, Vorris A J” with a date of birth of January 28, 1958, a Bureau of Identification number of “185902P,” and a social security number of XXX-XX-XXXX; (3) a screening action form listing “White, Vorris A JR” with a date of birth of January 28, 1958, and a Bureau of Identification number of “185902”; and, (4) a bill of information charging ‘Vorris White” in 368-994 with the 368-994 defendant’s fingerprints on the reverse side. Comparing these fingerprints from S-4 to the defendant’s fingerprints in S-l, Officer Jacquet concluded the defendant and the person who pled guilty to access device fraud in 368-994 was the same person. The District Court found the State failed to meet its burden to establish the defendant’s identity as to 368-994 because the State produced no photographs of the defendant. This finding was error. The State is not required to produce any specific form of evidence but can meet its burden by producing any competent evidence. Payton, 00-2899 at p. 8, 810 So.2d at 1132. By producing the testimony of Officer Jacquet identifying the fingerprints in S-4 as matching the fingerprints of the defendant, we find the State produced competent evidence sufficient to meet its burden under La.Rev. Stat. § 15:529.1.
With respect to the possession of cocaine conviction (Case Number “349-012”), the State introduced Exhibit S-3. We find the District Court erred when it held the State failed to meet its burden because Exhibit S-3 did not contain fingerprints associated with this 349-012 guilty plea. As this Court has repeatedly held the expert fingerprint comparison is only one of many routes the State can take to meet its burden under the Habitual Offender Act. See Payton, 00-2899 at p. 6, 810 So.2d at 1130-31 (“In attempting [to meet its burden], the State may present: (1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical drivers license number, sex, |5race and date of birth.”) (emphasis added); State v. Lee, 364 So.2d 1024, 1031-32 (La.1978); Curtis, 338 So.2d at 664. Here, the State met its burden of establishing the defendant’s identity by producing, inter alia: (1) a screening action form identifying the 349-012 defendant as “White, Vorris A Jr.” which listed the same date of birth (January 28, 1958) as did Exhibits S-2, S-4, and S-5 and the same Bureau of Identification number (“185902”) as appeared across Exhibits S-4 and S-5; and, (2) an arrest register identifying the 349-012 defendant as “White, Vorris AJ” and listing the same date of birth and social security number which appeared across Exhibits S-2, S-4, and S-5 and the same Bureau of Identification number appearing in Exhibits S-4 and S-5. Because Officer Jacquet’s expert testimony established the defendant as the same person who committed the crimes charged in 409-821 and in 368-994, the identifiers contained in those prior records establish the defendant was also the same *302 person who committed the felony charged in 349-012. Therefore, based on this strong documentary evidence, we find the State produced competent evidence sufficient to meet its burden under the Habitual Offender Act.
For the foregoing reasons, we reverse the District Court’s ruling and remand for the defendant to be sentenced as a fourth felony offender.
JUDGMENT REVERSED; REMANDED TO DISTRICT COURT.

. Although the defendant’s social security number is consistent throughout the exhibits presented by the State, we will not disclose the social security number in this opinion.