HIGGINBOTHAM, J.
hThe defendant, Charles Ray Thompson, Jr., was charged by felony bill of information with two, counts of distribution of a Schedule II controlled dangerous substance (“CDS”) (cocaine), violations of La. R.S. 40:967(A)(1) (counts 2 and 3); posses *999 sion with intent to distribute a Schedule II CDS (cocaine), a violation of La. R.S. 40:967(A)(1) (count 4); possession of a Schedule IV CDS (Alprazolam), a violation of La. R.S. 40:969(C) (count 6); and possession of a firearm-by a person convicted of a felony,[1] a violation of La. R.S. 14:95.1 (count .6).[2] He entered a plea of not guilty and, following a jury trial, was found guilty as charged on all counts.[3] The defendant filed counseled motions for postverdict judgment of acquittal and arrest of judgment, as well as counseled and pro se motions for new trial,, all of which were denied. The defendant was then sentenced on count 2 to twenty years at hard labor; on count 3 to twenty years at hard labor; on count 4 to fifteen years at hard labor; on count 5 to five years at hard labor; and on count 6 to fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence. The district court ordered that the'sentences run concurrently with each other and consecutively with any other sentence that the defendant was currently serving. The defendant filed counseled and pro se motions to reconsider sentence, both of which were denied.
li>The State subsequently filed a habitual offender bill of information, listing five predicate offenses.[4] After a hearing, the district court vacated the previously imposed sentence on count 2 and sentenced the defendant as a third-felony habitual, offender to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence. The district court ordered the sentence to run concurrently with the sentences previously imposed on counts 3, 4, 5, and 6, and consecutively with any other sentence the defendant was currently serving. The defendant now appeals, challenging his habitual offender adjudication and sentence on count 2. For the following reasons, we affirm the defendant’s convictions on all counts, habitual offender adjudication on count 2, and his sentences on counts 3, 4, 5, and 6. We amend the defendant’s sentence on count-2 to reflect that it be served at hard labor and, a.s amended, affirm.
FACTS
Pursuant to an undercover investigation on September 25, 2014, St. Tammany Par *1000 ish Sheriffs Office Detective Julie Boyn-ton purchased eight grams of cocaine from the defendant. On November 20, 2014, Detective Boynton purchased six grams of cocaine from the defendant. She subsequently prepared an affidavit for a search warrant of the defendant’s residence, and the residence was searched on November 21, 2014.
St. Tammany Parish Sheriffs Office Detective Bill Johnson assisted Detective Boynton with execution of the search warrant on the defendant’s | ¡¡residence. He testified to the seizure of various potential drug-related items including: razor blades; a digital scale; a Pyrex measuring cup containing white residue; boxes of baking soda; an empty box of sandwich baggies; and a ceramic bowl containing a metal whisk and a “cloudy liquid.” Alprazolam tablets, as well as crack and powder cocaine, were also confiscated. Detective Johnson testified to finding and removing a loaded .9 millimeter pistol from underneath the mattress in the master bedroom and a .45 caliber pistol magazine from the inside of a purse located in the kitchen.
After the search was conducted, the defendant provided a handwritten statement to the St. Tammany Parish Sheriffs Office, wherein he took full responsibility for the “guns and drugs” found, inside of his home. At trial, the defendant testified and claimed that he sold the cocaine in September and November of 2014 in order to help the Drug Enforcement Administration (“DEA”) catch a “big fish.” Contrary to the defendant’s assertion, DEA Agent Jeraid Crow testified that although the defendant was involved as a confidential informant for the DEA in the past, he was terminated as such in July 2014 after an arrest.
HABITUAL OFFENDER ADJUDICATION
In his first assignment of error, the defendant argues that the district court erred in failing to make an adjudication on the habitual offender bill of information prior to sentencing the defendant. In support of his argument, the defendant cites La.- R.S. 15:529.1(D), which provides in part:
(2) Following a contradictory hearing, the court shall find that the defendant is:
(a) A second offender[,] upon proof of a prior felony conviction.
(b) A third offender, upon proof of two prior felony convictions.
(c) A fourth offender, upon proof of three or more prior felony convictions.
|⅛(3) When the judge finds that.he has been convicted of a prior felony or felonies, or. if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.
The defendant concludes that Section 15:529.1 “requires the trial court [to] make a finding as to whether an offender is a second, third, or fourth felony offender prior to imposing sentence.” In support of his position, the defendant cites State v. Jones, 516 So.2d 396 (La.App. 5th Cir. 1987) and State v. Olivieri, 2003-0563 (La. App. 5th Cir. 10/28/03), 860 So.2d 207.
In Jones, the court concluded that the district court erred in finding that the defendant had been properly “Boykin-ized”[5] for one of-his predicate convictions *1001 and in using that conviction to find the defendant a habitual offender. The court also noted that the district court judge “merely stated that the defendant was found to be a habitual offender, but made no determination whether the defendant is a second or third offender.” The court vacated the sentence and remanded the case for further proceedings, finding that the conviction under the habitual offender statute was defective. Jones, 516 So.2d at 402. The Fifth Circuit later distinguished Jones and held that where the record is sufficient to determine that the State’s evidence was restricted to one prior felony and the district court’s finding of habitual offender status can only relate to a second offense, there is no need to remand the case for a rehearing on the habitual offender bill. See State v. Henderson, 94-0286 (La.App. 5th Cir. 12/14/94), 648 So.2d 974, 979.
In Olivieri, the district court judge failed to specify that the defendant was a third felony offender. Rather, the judge stated, “the Court concludes that the State has met its burden of establishing that the Defendant is a Multiple Offender pursuant |Rto La. R.S. 15:529.1 and should be sentenced accordingly.” Citing Jones, the court concluded that because the district court judge failed to specify that the defendant was a third-felony offender, the sentence was defective since it was not determinate. The court vacated the sentence and remanded the case for a determination of the number of felonies proven by the State and for resentencing following that determination. Olivieri, 860 So.2d at 219.
In the instant case, at the conclusion of the habitual offender hearing, the district court stated:
Under the provisions of 15:529.1(3)(b), the Court finds that the appropriate penalty for [the defendant] is imprisonment for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.
The Court will, therefore, vacate the sentence imposed in Count 2 of docket number 559308 and sentence [the defendant] to’ serve a period of the remainder of his natural' life without benefit of parole, probation or suspension of sentence.[6]
The instant case is distinguishable from both Jones and. Olivieri. In Jones, the district court “made no determination” whether the defendant was a second or third-felony offender. Similarly, in Olivi-eri, the district court simply stated that it was sentencing the defendant ■ under “ 15:529.1 ” without specifying whether 'the defendant was being sentenced as a second or third-felony offender. In contrast, the district court in the instant case clearly stated that it was sentencing the defendant “[u]nder the provisions of 15:529.1 (3)(b),” which provide sentencing guidelines for third-felony offenders with certain predicates. Moreover, a district court’s “mere failure to state that a defendant is found to be a habitual offender is not cause for reversal where the [district court] clearly intends to sentence the defendant as a habitual |fioffender.” State v. O’Conner, 2011-1696 (La.App. 1st Cir. 9/21/12), 2012 WL 4335425, n.13 (unpublished), writ denied, 2012-2163 (La. 4/1/13), 110 So.3d 138 *1002 (where the transcript of the habitual offender hearing revealed that the district court did not actually use any specific words to indicate that it adjudicated the defendant a habitual offender) (citing State v. Melancon, 2Q01-1656 (La.App. 4th Cir. 8/21/02), 826 So.2d 633, 639, writ denied, 2002-2407 (La. 3/21/03), 840 So.2d 547).
This assignment of error is without merit'.
EXCESSIVE SENTENCE
In his second assignment of error, the defendant argues that the sentence of life imprisonment imposed by the district court is excessive. Specifically, the defendant contends that he is only thirty-four years old and has a history of “primarily non-violent drug offenses.”
The defendant filed a motion to reconsider sentence after the district court imposed the original sentences. However, a thorough review of the record indicates the defendant did not make or file a second motion to reconsider sentence after the original sentence on count 2 was vacated and the new life sentence was imposed at the habitual offender hearing. Under La. Code Crim. P. arts. 881.1(E) and 881.2(A)(1), the failure to make or file a motion to reconsider sentence shall preclude the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See State v. Mims, 619 So.2d 1059, 1059-1060 (La. 1993) (per curiam). The defendant, therefore, is procedurally barred from having this assignment of error reviewed, since he failed to file a new motion to reconsider sentence after the district court resentenced him as a habitual offender. See State v. Emerson, 2004-0156 (La.App. 1st Cir. 10/29/04), 888 So.2d 975, 979-80, writ denied, 2005-0089 (La. 4/22/05), 899 So.2d 557; State v. Chi-solm, 99-1055 (La.App. 4th Cir. 9/27/00), 771 So.2d 205, 212, writs denied, 2000-2965, 2000-3077 (La. 9/28/01), 798 So.2d 106,108.
|7This assignment of error is without merit.
REVIEW FOR ERROR
On count 2, the defendant was sentenced to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence. In reviewing the record for error pursuant to La. Code Crim. P. art. 920(2), we have discovered that the district court failed to order that the defendant’s sentence on count 2 be served at hard labor. See La. R.S. 40:967(B)(4)(b) and La. R.S. 15:529.1(G).[7] Inasmuch as an illegal sentence is an error discoverable by a mere inspection of the proceedings without inspection of the evidence, Article 920(2) authorizes consideration of such error on appeal. Further, La. Code Crim. P. art. 882(A) authorizes correction by the appellate court.[8] We find that correction of this illegally lenient sentence does not involve the exercise of sentencing discretion and, as such, there is no reason why this court should not simply amend the sentence. See State v. Price, 2005-2514 (La.App. 1st Cir. 12/28/06), 952 So.2d 112,123-125 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. Accordingly, because a sentence at hard labor was the only sentence that could have been imposed for the conviction on count 2, we correct the sentence on count 2 to provide that it be served at hard labor.
Louisiana Revised Statutes 40:967(B)(4)(b), provides, in pertinent part, *1003 that on a conviction of distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine, the offender “shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence[.]” The defendant was sentenced on count 3 to 18twenty years at hard labor and on count 4 to fifteen years at hard labor. Although not specifically stated by the district court, both sentences are deemed to contain the two-year restriction on parole, probation, and suspension of sentence. See La. R.S. 15:301.1; State v. Passow, 2013-0341 (La.App. 1st Cir. 11/1/13), 136 So.3d 12,15.
On count 6, the defendant was sentenced to fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence. In addition to the sentencing provisions provided for in La. R.S. 14:95.1(B), the statute mandates that a person convicted “be fined not less than one thousand dollars nor more than five thousand dollars.” The sentencing transcript indicates that the district court failed to impose the mandatory fine. The minutes also reflect that no fine was imposed. Accordingly, the defendant’s sentence, which did not include the fine, is illegally lenient. However, because the sentence is not inherently prejudicial to the defendant, and neither the State nor the defendant has raised this sentencing issue on appeal, we decline to correct this error. See Price, 952 So.2d at 123-125.
CONVICTIONS ON ALL COUNTS AND HABITUAL OFFENDER ADJUDICATION ON COUNT 2 AFFIRMED; SENTENCES ON COUNTS 3, 4, 5, AND 6 AFFIRMED; SENTENCE ON COUNT 2 AMENDED, AND AS AMENDED, AFFIRMED.

. For purposes of count 6, the defendant's predicate conviction was his May 6, 2009 conviction for possession of a Schedule II CDS (cocaine), under 22nd Judicial District Court ("JDC”), Parish of St. Tammany, dock- ' et number 434328.

. The defendant was also charged with distribution of a Schedule II CDS (cocaine) (count 1); possession of marijuana (third offense) (count 7); and operation of a clandestine laboratory (count 8), but those counts were nolle prossed by the State.

. The transcript reflects that the minute clerk did not read the verdict related to the defendant’s charge for possession with intent to distribute a CDS (cocaine). However, both the minutes and the verdict forms confirm that the jury found the defendant guilty of that offense.

. The predicate offenses listed on the habitual offender bill of information include: (1) Janu-aiy 28, 2012 conviction for possession of marijuana (second offense), a violation of La. R.S. 14:966(D)(2), under 22nd JDC, Parish of St. Tammany, docket number 342638; (2) Janu-aiy 28, 2012 conviction for possession of marijuana (second offense), a violation of La. R.S. 14:966(D)(2), under 22nd JDC, Parish of St. Tammany, docket number 338541; (3) May 6, 2009 conviction for distribution of a Schedule II CDS, a violation of La. R.S. 40:967(A)(1), under 22nd JDC, Parish of St. Tammany, docket number 434328; (4) March 27, 2000 conviction for illegal discharge of a weapon, a violation of La. R.S. 14:94, under 22nd'JDC, Parish of St Tammany, . docket number 310920; and (5) May 1, 2015 conviction for possession of a Schedule II CDS (cocaine in an amount of twenty-eight grams or more, but less than two hundred grams), a violation of La. R.S. 40:967(F)(l)(a), under 14th JDC, Parish of Calcasieu, docket number 17040-13.

. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

. We note that the correct citation is La. R.S. 15:529.1(A)(3)(b), not “15:529,l(3)(b).” However, it is still clear that the district court intended to sentence the defendant as a third-felony habitual offender because Section ■ 15:529.1(A) is the only section of the statute containing a "(3)(b)” subsection. Moreover, although the minutes indicate that the defendant was found to be a fourth-felony habitual offender, when there is a discrepancy between the minutes and the ■ transcript, the transcript prevails. See State v. Lynch; 441 So.2d 732, 734 (La, 1983).

. Any sentence imposed concerning second and subsequent offenses under the provisions of the Habitual Offender Law "shall be served at hard labor.” See La. R.S. 15:529,1(G).

. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. Code Crim. P. art. 882(A).