McCALLUM, J.
On January 10, 2017, Billy R. Meadows pled guilty to second degree cruelty to a juvenile, and was subsequently adjudicated a fourth felony offender pursuant to La. R.S. 15:529.1. As a result of the habitual offender adjudication, Meadows' sentence was enhanced from 40 years of imprisonment at hard labor to imprisonment for the rest of his natural life. Meadows urges the following assignments of error: (1) the State's evidence was insufficient to prove that the 10-year "cleansing period" of La. R.S. 15:529.1(C) had not expired; (2) the evidence was insufficient to prove Meadows' identity as the person convicted of the predicate offenses; and (3) his sentence was constitutionally excessive pursuant to La. Const. art. I, § 20.
It bears mention that Meadows' current offense was particularly horrific. However, because the evidence was insufficient to prove that the cleansing period did not expire, we are constrained by law to reverse Meadows' adjudication as a habitual offender, vacate his sentence, and remand for further proceedings, where the deficiencies may yet be remedied.
FACTS AND PROCEDURAL HISTORY
On August 10, 2015, a grand jury indicted Meadows with second degree murder of a child. On January 10, 2017, Meadows pled guilty to the reduced charge of second degree cruelty to juveniles. The trial court accepted the plea, and ordered a presentence investigation report.
*1021 On March 15, 2017, the State filed a habitual offender bill of information against Meadows, alleging the following seven felony convictions:
• September 27, 2000, 2000-427F, Fifth JDC, Franklin Parish, Louisiana: Simple Burglary;
• September 27, 2000, 2000-426F, Fifth JDC, Franklin Parish, Louisiana: Unauthorized Use of a Motor Vehicle;
• November 3, 2000, 2000-540F, Fifth JDC, Franklin Parish, Louisiana: Simple Burglary;
• November 30, 2001, 2001-79F, Fifth JDC, Franklin Parish, Louisiana: Simple Burglary;
• November 30, 2001, 2001-801F, Fifth JDC, Franklin Parish, Louisiana: Possession of Firearm by a Convicted Felon;
• January 29, 2013, 2012-591F, Fifth JDC, Franklin Parish, Louisiana: Attempted Possession of a Firearm by a Convicted Felon; and
• January 10, 2017, 2015-402F, Fifth JDC, Franklin Parish, Louisiana: Second Degree Cruelty to a Juvenile.
On May 9, 2017, Meadows pled not guilty to the habitual offender charges. On July 6, 2017, he filed a "Response and Objection to Habitual Offender Bill of Information," making the following objections: (1) the pair of convictions obtained on September 27, 2000, unauthorized use of a motor vehicle and simple burglary, should be counted as one conviction for purposes of the habitual offender statute; and (2) the pair of convictions obtained on November 30, 2001, simple burglary and possession of a firearm by a convicted felon, should likewise be treated as one. The trial court overruled these objections.
At the adjudication hearing, the State called former prosecutor Johnny Boothe as its sole witness. As to each of the predicate felonies, Boothe testified that he remembered being the prosecutor in the case and convicting Meadows. He specifically identified Meadows as the person he convicted on each charge listed in the habitual offender bill of information. On cross-examination, Boothe maintained that he could have identified Meadows "as the same person who was convicted," but admitted that, without the exhibits, he "would not have recalled the [specific] convictions or the dates ... [of] ... the specific criminal charges." On redirect, Boothe stated that he has "no doubt in his mind" that Meadows was the person convicted of the predicate felonies.
The State used Boothe's testimony to introduce five exhibits, each of which consisted of a bill of information and guilty plea transcript relating to the respective predicate convictions. The state's exhibits are as follows:
• S-1, Docket No. 2000-426F, simple burglary committed on July 6, 2000;
• S-2, Docket No. 2000-427F, unauthorized use of a motor vehicle committed on July 6, 2000;
• S-3, Docket No. 2000-540F, simple burglary committed on August 23, 2000;
• S-4, 2001-79F & 2001-81F, simple burglary and convicted felon possessing firearm committed on November 27, 2000; and
• S-6, 2012-591F, attempted possession of a firearm by convicted felon committed on May 31, 2012.
The transcripts in each of these exhibits reflect that Meadows was represented by counsel and was properly Boykinized. In S-1, S-3, and S-4, Meadows testified that his birthday is March 30, 1982. In S-6, Meadows testified that his birthday is "the *1022 third, the third, 82," apparently a reference to March 3, 1982.[1]
Based on the evidence, the trial court found Meadows to have been convicted of six prior felonies, and that none of those convictions had been cleansed. Pursuant to La. R. S. 15:529.1(A)(4)(b), as it was in effect on July 21, 2015, the trial court sentenced Meadows to life imprisonment "without benefit of probation, or suspension of sentence."
DISCUSSION
Sufficiency of the Evidence
In a habitual offender proceeding, the State has the burden of proof beyond a reasonable doubt on any issue of fact, except as to issues of fact raised by the defendant's response to the habitual offender bill of information. La. R.S. 15:529.1(D)(1)(b).
When the defendant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Lynch, 436 So.2d 567 (La. 1983). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State in Interest of D.R. , 50,594 (La. App. 2 Cir. 2/24/16), 188 So.3d 1116, 1120. Furthermore, the appellate court does not assess the credibility of witnesses or reweigh evidence. Id. ; State v. Smith , 94-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court must accord great deference to the fact-finder's decision to accept or reject the testimony of a witness in whole or in part. State v. Eason , 43,788 (La. App. 2 Cir. 2/25/09), 3 So.3d 685, writ denied , 09-0725 (La. 12/11/09), 23 So.3d 913.
Identity. "To meet its burden under the Habitual Offender Act, the State must establish both the prior felony conviction and the defendant's identity as the same person who committed that prior felony." State v. White , 2013-1525 (La. 11/8/13), 130 So.3d 298, 300. The habitual offender statute does not require the State to use a specific type of evidence; rather, "[p]rior convictions may be proved by any competent evidence." Id.
The testimony of only one witness, if believed by the trier of fact, may be sufficient support for a requisite factual conclusion, provided it does not bear internal contradiction or irreconcilably conflict with physical evidence. State in Interest of D.R. , supra at 1120.
Courts of this state have held the testimony of an attorney involved in the prior case to be sufficient to prove the identity of the defendant as the person who was convicted of the predicate offense. The Louisiana Supreme Court, in State v. Lee , 364 So.2d 1024 (La. 1978), found that the evidence was sufficient to prove that the defendant was the same person who was convicted of the predicate offense, where the attorney who represented the defendant *1023 in connection with the predicate offense testified that the defendant was the same person whom he had represented and who had pled guilty to the charge. In State v. Jones, 516 So.2d 396 (La. App. 5 Cir. 1987), the Fifth Circuit held that a former prosecutor's testimony identifying the defendant as the same person who was convicted of the predicate felony was sufficient proof of the defendant's identity as such. In State v. Bennett , 524 So.2d 1297 (La. App. 3 Cir. 1988), the Third Circuit held that the evidence of the defendant's conviction of the predicate offenses was sufficient where the state introduced: (1) copies of a prior bill of information charging the defendant with the predicate offenses; (2) minutes of court reflecting defendant's guilty plea to those charges; and (3) the testimony of the former prosecutor identifying the defendant as the person who was convicted of the prior offenses.
We find the evidence sufficient to prove Meadows' identity as the person who was convicted of the predicate felonies. He was named "Billy Ray Meadows, Jr." in each bill of information, and in each Boykin colloquy, he stated his name identically. In every plea colloquy, except that reflected in S-6, he testified that his birthday is March 30, 1982. In the plea colloquy reflected in S-6, Meadows reportedly stated that his birthday is "the third, the third, 82." In every plea colloquy, however, Meadows stated that his address is either 662 "Riley" Road, Winnsboro, LA, or 662 "Raleigh" Road, Winnsboro, LA.[2] Finally, Johnny Boothe, the former prosecutor, unequivocally testified that he remembered Meadows as the person he had convicted of the predicate felonies. We have no reservation in finding that a rational trier of fact could conclude that the evidence was sufficient to prove beyond a reasonable doubt that Billy Ray Meadows, Jr., the defendant in this case, is the same person who was convicted of the predicate offenses. In light of the evidence as a whole, the discrepancy in the court reporter's (or reporters') spelling of the name of the road on which Meadows resided, and the one guilty plea in which he reportedly stated that his birthday is on March 3 rather than March 30, do not render the evidence insufficient.
Cleansing periods. The habitual offender bill of information alleges, inter alia , that Meadows was convicted of two felonies on November 30, 2001; the next conviction alleged was based on an offense committed on May 31, 2012. The State offered no evidence showing the date of Meadows' discharge from custody on the November 30, 2001, convictions, or that he remained in custody until May 31, 2012. As explained below, this court must find that these omissions render the evidence insufficient to support Meadows' adjudication as a fourth felony offender. The state bears the burden of proving that the predicate convictions fall within the "cleansing period" provided by La. R.S. 15:529.1(C). State v. Boiteux , 11-191 (La. App. 5 Cir. 12/13/11), 81 So.3d 123, 127.
The cleansing period to be applied is the one in effect at the time the defendant committed the current offense. State v. Casaday , 51,330 (La. App. 2 Cir. 5/17/17), 223 So.3d 108, 112. At the time Meadows committed the current offense, La. 15:529.1(C) provided the following cleansing period:
The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years *1024 have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses.
The Louisiana Supreme Court has long held that the actual discharge date is what activates the cleansing period:
A sentence expires when the prisoner is discharged from state custody and supervision, not when the theoretical date arrives on which the initial sentence would have terminated. Thus, when a convicted person is discharged earlier (as well as later) than the expiration date of the sentence initially ... [imposed]... then the actual maximum sentence is that determined by his date of legal discharge, whether extended through revocation of parole or shortened by law due to "good time" diminution of the initial sentence.
State v. Anderson , 349 So.2d 311, 314 (La. 1977). Accord State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La. 1982) ; State v. Washington , 2005-1330 (La. 4/28/06), 927 So.2d 271.
Anderson recognized that a convict may be legally discharged before or after the expiration of the initial sentence because of "good time" (diminution of sentence) or parole revocation (extension of sentence). Although perhaps unlikely, we also note the potential for a convict's initial sentence to be reduced by at least one other mechanism: executive pardon.[3]
According to the allegations and evidence in the record, Meadows was convicted of a pair of felonies on November 30, 2001, and given two concurrent 10-year sentences; he did not commit his next felony (resulting in conviction) until May 31, 2012. There was no evidence presented from which a trier of fact could deduce that the cleansing period had not expired. Such proof is required by La. R.S. 15:529.1(C). Accordingly, the evidence was insufficient to prove Meadows' status as a fourth felony offender.
For purposes of adjudication of habitual offender status, a convict "is not protected by principles of double jeopardy" and may be tried again. State v. Johnson , 432 So.2d 815 (La. 1983). The proper action for an appellate court faced with a habitual offender adjudication based on insufficient evidence is to reverse the habitual offender adjudication, vacate the sentence, and remand for resentencing. State v. Tate , 593 So.2d 864, 869 (La. App. 2 Cir. 1992) ; State v. Jones, 08-466 (La. App. 5 Cir. 10/28/08), 98 So.2d 178. Finally, "on remand in habitual offender proceedings, another habitual offender hearing presenting evidence to readjudicate is not necessarily required... A court may take judicial cognizance of any prior preceding which was a part of the same case it had previously tried." State v. Roland, 49,660 (La. App. 2 Cir. 2/27/15), 162 So.3d 558, 567.
Because we find the evidence insufficient to support Meadows' adjudication, we do not reach the question of whether his sentence *1025 was excessive. State v. Silvio , 623 So.2d 1345 (La. App. 2 Cir. 1993).
Errors patent
In the event this remand results in defendant being again adjudicated a habitual offender, we would point out two other errors in the proceeding. The record discloses two errors patent, both of which amount to "harmless error."
Consideration of exhibit not introduced into evidence. As described in note 3, supra , State's Exhibit 5 was not introduced into evidence. Therefore, it was improper for the trial court to consider it. However, as is true of all the state's exhibits in this case, S-5 is composed of a bill of information and a guilty plea transcript. The guilty plea transcript in S-5 is identical to that in S-4; only the bills of information differed between those two exhibits.
Noncompliance with La. R.S. 15:529.1(B). The last sentence of La. R.S. 15:529.1(B) states: "multiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." See also, State v. LeBlanc, 2014-0163 (La. 1/9/15), 156 So.3d 1168 (indicating that the last sentence of La. R.S. 15:529.1(B) simply applies as written).[4] The trial court's finding that Meadows had six prior felony convictions contravenes this rule. The habitual offender bill of information did allege six predicate offenses; however, two of those offenses were obtained on September 27, 2000, and two others on November 30, 2001. Application of this rule reduces the number of predicate offenses, for purposes of the habitual offender law, to four. We note that the conviction for possession of a firearm by a convicted felon, which was obtained on November 30, 2001, is reflected in State's Exhibit 5, which is also addressed in the immediately preceding paragraph.
La. R.S. 15:529.1(A)(4)(b) provides a mandatory life sentence "without benefit of parole, probation, or suspension of sentence" for a fourth felony offender "if the fourth felony and two of the prior felonies are defined as a crime of violence under R.S. 14:2(B)... or [are] punishable by imprisonment for 12 years or more." Even after application of the last sentence of La. R. S. 15:529.1(B), Meadows still has five felony convictions. The current offense, second degree cruelty to a juvenile, constituted a "crime of violence" under La. R.S. 14:2(B). Simple burglary carried a maximum penalty of 12 years in the year 2000, when Meadows committed three of the simple burglaries for which he has been convicted; each of these convictions was obtained on a different date. Thus, the requirements of La. R.S. 15:529.1(A)(4)(b) are satisfied despite these errors patent.
CONCLUSION
For the foregoing reasons, we reverse Meadows' adjudication as a fourth felony offender, vacate his sentence, and remand for further proceedings in accordance with this opinion.
ADJUDICATION REVERSED, SENTENCE VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.

S-5 was not introduced into evidence. The prosecutor did not request that it be admitted, and the court made no statement to the effect that S-5 was admitted. It appears that S-5 was thus received by the court and marked as an exhibit without actually having been introduced. S-5 consists of: (1) a bill of information charging Meadows with possession of a firearm by a convicted felon; (2) a transcript of Meadows' guilty plea to that charge and to simple burglary; these charges arose from the same criminal episode. The transcripts in S-4 and S-5 are identical; only the bills of information differ between S-4 and S-5.

Meadows was not asked to spell the name of the road on which he lives. Rather, that spelling was left to the court reporter's discretion.

La. Const. art. IV, § 5 (E).

The trial court relied on State v. Shaw , 2006-2467 (La. 11/27/07), 969 So.2d 1233. Shaw , however, was based on an offense committed on June 26, 2004, i.e., prior to the amendment which added the operative language to the statute. Thus, Shaw did not address the version of the statute applicable to this case.