Judgment rendered November 17, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,110-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JEREMY TAYLOR                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 364,544

Honorable Charles Gordon Tutt, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By:  Meghan Harwell Bitoun

JAMES EDWARD STEWART, SR.              Counsel for Appellee
District Attorney

WILLIAM JACOB EDWARDS
TOMMY JAN JOHNSON
Assistant District Attorneys

* * * * *

Before GARRETT, STONE, and THOMPSON, JJ.

**GARRETT, J.**

Following a bench trial, the defendant, Jeremy Taylor, was convicted as charged of aggravated assault with a firearm, in violation of La. R.S. 14:37.4. He was subsequently adjudicated a fourth felony offender and sentenced to 20 years at hard labor. On appeal, he complains of the trial court's denial of his pro se motion for transcription, as well as his adjudication and sentence as a habitual offender. We find no merit to the assignment of error pertaining to the motion for transcription. However, due to an error patent regarding the cleansing period for a predicate offense, we reverse the defendant's habitual offender adjudication, vacate his sentence, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On July 27, 2018, the defendant was involved in a physical altercation with the mother of his young child outside her Shreveport residence. The woman told the defendant to leave, and he pushed her. The defendant went to the vehicle in which he was riding and retrieved a black handgun, which he then pointed at the woman and their child. After the defendant left, the woman called the police. Her next-door neighbor, who was related to the defendant, gave a recorded statement to the police. She had observed the incident through the windows of her house. She told the police that she saw the defendant throw the woman to the ground and then retrieve a black handgun from the vehicle. At trial, she recanted the portion about seeing him with the handgun. The relevant part of her recorded statement was played in court. The defendant did not testify. He called as a witness an occupant of the vehicle, who testified that the defendant did not have a gun and the woman instigated the confrontation. The trial court found this

witness to be "totally unbelievable." Following the bench trial on March 9, 2020, the defendant was convicted as charged of aggravated assault with a firearm.

After the trial, the defendant filed numerous pro se motions. Germane to this appeal is a pro se "Motion for Transcription" filed on March 20, 2020, seeking trial transcripts for use on posttrial motions. On March 31, 2020, the trial court issued a written ruling in which it denied the motion on the grounds that it was premature. The defendant filed a writ application, which we denied on July 21, 2020.

In the meantime, on May 22, 2020, the state filed a fourth or subsequent felony habitual offender bill of information. It asserted that, between 2005 and 2013, the defendant had five felony convictions. At the conclusion of the habitual offender hearing on May 28, 2020, the trial court adjudicated the defendant a fourth felony offender. On June 3, 2020, the defendant filed a pro se motion objecting to the habitual offender bill of information, as well as a pro se motion to quash. They were among the pro se motions denied by the trial court at the sentencing hearing held on August 13, 2020. The defendant waived any delays prior to the imposition of sentence. After finding several aggravating factors but no mitigating ones, the trial court sentenced the defendant to the minimum sentence of 20 years at hard labor.

On appeal, the defendant asserted two assignments of error: (1) the trial court erred in denying his motion for transcription; and (2) the sentence imposed was excessive because the trial court failed to quash the habitual offender bill, which included possession of marijuana, second offense – currently a misdemeanor under Louisiana law – as a prior felony offense.

2

## MOTION FOR TRANSCRIPTION

The defendant argues that the trial court's failure to grant his pro se "Motion for Transcription" infringed upon his right of access to the courts and unnecessarily hindered his ability to perfect and file his posttrial motions. The state maintains that this assignment of error is meritless. It contends that, when the motion was filed, the defendant did not have a right to a free transcript at that stage of the proceedings. Also, the defendant still had the appellate process available to him, at which time a record was provided.

When the defendant previously raised this issue, we denied his writ application on the grounds that he had not yet been sentenced and an appeal was premature. We reiterate that reasoning. At the time the defendant filed his motion for transcription, he was not entitled to a trial transcript, which was properly provided later in conjunction with his appeal. *See State v. Harris*, 558 So. 2d 594 (La. 1990). This assignment of error lacks merit.

## HABITUAL OFFENDER ADJUDICATION

In his second assignment of error, the defendant contends that his sentence is unconstitutionally excessive because the trial court failed to quash the habitual offender bill, which included possession of marijuana, second offense – currently a misdemeanor under Louisiana law – as a prior felony offense.

Although the state asserts that this argument lacks merit, it acknowledges that the record before us contains an error patent regarding the habitual offender adjudication. Where a defendant has been adjudicated a habitual offender, the state's failure to prove the defendant's date of discharge from state custody and supervision, and thus prove that the

3

"cleansing period" has not expired, constitutes error patent on the face of the record. *State v. Robinson*, 47,427 (La. App. 2 Cir. 10/3/12), 105 So. 3d 751; *State v. Casaday*, 51,330 (La. App. 2 Cir. 5/17/17), 223 So. 3d 108. At issue here is the defendant's 2008 guilty plea for illegal use of a weapon. He pled guilty on August 26, 2008, and was sentenced to five years at hard labor without benefit of probation, parole, or suspension of sentence. His next conviction was for possession of marijuana, second offense, to which he pled guilty on November 14, 2013.[1] The cleansing period, which was five years at the time of the instant offense, was activated by the actual discharge date. Since the period between these two convictions exceeds five years and the record does not contain the actual date of release, the state concedes error patent.

We agree. The state bears the burden of proving that the predicate convictions fall within the "cleansing period" provided by La. R.S. 15:529.1(C). *State v. Meadows*, 51,980 (La. App. 2 Cir. 4/11/18), 247 So. 3d 1018. The Louisiana Supreme Court has long held that the actual discharge date is what activates the cleansing period. *State v. Meadows*, *supra*; *State v. Casaday*, *supra*. In the absence of proof that the cleansing period had not expired, the evidence was insufficient to prove the defendant's habitual offender status. The proper action for an appellate court faced with a habitual offender adjudication based on insufficient evidence is to reverse the habitual offender adjudication, vacate the sentence, and remand for resentencing. *See State v. Meadows*, *supra*.

---

[1] The bill of information stated that this offense occurred on or about September 29, 2013.

4

Accordingly, we reverse the habitual offender adjudication, vacate the sentence, and remand for further proceedings. As a result, we pretermit consideration of the defendant's excessive sentence argument.[2]

**ERROR PATENT**

During sentencing, the trial court advised the defendant that he had "two years from the date this sentence becomes final to apply" for postconviction relief. It later stated that the defendant had "two years to apply for post-conviction relief." La. C. Cr. P. art. 930.8 provides that a defendant has two years from the date his "judgment of conviction and sentence has become final" in which to seek post-conviction relief. At resentencing on remand, the trial court should advise the defendant that he has two years from the date his *conviction and* sentence become final to seek post-conviction relief. *State v. Robertson*, 53,970 (La. App. 2 Cir. 6/30/21), 322 So. 3d 937.

**CONCLUSION**

We affirm the defendant's conviction. However, we reverse the habitual offender adjudication, vacate the defendant's sentence, and remand the matter for further proceedings.

**CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION REVERSED; SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.**

---

[2] We note that the defendant argues in his brief that his prior conviction on November 14, 2013, for possession of marijuana, second offense, should not have been used in a habitual offender adjudication because that crime is no longer a felony. This issue was not raised in open court by the defendant during the habitual offender hearing on May 28, 2020. The defendant's pro se motion to quash, which is less than clear and contains a litany of complaints, was not filed until June 3, 2020. We need not address the merits of the issue now urged on appeal. We merely note that the arguments being made now were not timely and cogently presented to the trial court before the habitual offender hearing.