*1233
 
 PER CURIAM.
 

 11Writ Granted. At the habitual offender adjudication, defense counsel stipulated what the testimony of the fingerprint expert would be if he testified and further stipulated that defendant was the same person convicted of the predicate offenses. The court of appeal reversed the habitual offender adjudication after finding as an error patent that the record did not reflect that the trial court advised defendant of his right to a formal hearing, to have the state prove its case under the habitual offender statute, or of his right to remain silent. Therefore, because defendant was not informed of his statutory rights under La. R.S. 15:529.1(D), the court of appeal found that his stipulation through counsel as to his prior felony convictions was invalid.
 
 State v. Brown,
 
 10-0238 (La.App. 5th Cir.6/29/11), 71 So.3d 1069. However, because any omission by the district court in advising the defendant of his rights appears harmless in light of the documentary proof introduced by the state at the hearing that the defendant is the person who pled guilty to the predicate | ¡¡offenses, and in light of the defendant’s
 
 *1234
 
 own admissions in his testimony at trial, the court below erred.
 

 For the defendant to receive an enhanced penalty under La. R.S. 15:529.1, the state must prove prior felony convictions and then prove the defendant is the same person who committed the prior felonies.
 
 State v. Blackwell,
 
 377 So.2d 110 (La.1979). Both the identity and the prior conviction alleged must be proven beyond a reasonable doubt. La. R.S. 15:529.1(D)(l)(b). Various methods of proof establishing identity have been recognized as sufficient to sustain the state’s burden of proof, including testimony of witnesses, expert opinion as to fingerprints, and photographs contained in duly authenticated records.
 
 State v. Brown,
 
 514 So.2d 99, 106 (La.1987);
 
 State v. Jones,
 
 408 So.2d 1285, 1294-95 (La.1982);
 
 State v. Curtis,
 
 338 So.2d 662, 664 (La.1976). In the present case, the state presented certified copies of defendant’s predicate convictions. After disregarding the fingerprint evidence, which depended on the opinion of the state’s expert to which defendant stipulated without being fully advised of his rights, the remaining documents identify defendant by his full name and date of birth. In addition, defendant admitted his two prior convictions when he testified at trial and those admissions corresponded with the state’s proof at the habitual offender hearing. The trial court could properly take those admissions into account in finding that the state thus presented sufficient proof at the habitual offender hearing that defendant was the same person who had pled guilty to the predicate offenses.
 
 State v. Jones,
 
 332 So.2d 461, 462 (La.1976) (A trial judge may take judicial notice during habitual offender proceedings “of any prior proceeding which was a part of the same case he had previously tried.”)(internal quotation marks and citation omitted);
 
 State v. Gordon,
 
 582 So.2d 285, 293, n. 2 (La.App. 1st Cir.1991) (“[T]he trial court could take judicial notice of the ^defendant’s trial testimony (admitting his prior simple robbery conviction) because the ... trial was a prior proceeding in the same case as the habitual offender hearing.”).
 

 The court below found this documentary proof lacking because defendant’s date of birth is incorrect on State’s Exhibit 1, which is the most recent fingerprint exemplar used to by the expert to match defendant’s fingerprints to those associated with the predicate convictions.
 
 Brown,
 
 10-0238 at 17, 71 So.3d at 1079. However, defendant’s correct date of birth appears on the present charging instrument as well as on documents associated with the predicate convictions. Furthermore, after the court below rejected defendant’s stipulation to the testimony of the fingerprint expert, the exemplar had no evidentiary use and the error contained on it became irrelevant. The court below therefore erred in finding the error significant.
 

 Accordingly, defendant’s habitual offender adjudication and sentence are reinstated and this ease is remanded to the court of appeal for consideration of the remaining pro se assignments of error pre-termitted on original appeal.