FREDERICKA HOMBERG WICKER, Judge.
Lin this criminal matter, defendant, Un-dra Holmes, appeals his resentencing under the Habitual Offender Act, La. R.S. 15:529.1. Defendant argues the trial court erred in finding him to be a fourth time *1079 habitual offender because the prosecution presented insufficient evidence to prove that he was the same person who committed two of the alleged predicate crimes. Specifically, defendant claims that the evidence was insufficient to link him to the convictions arising from case number CR-7654-94 from Jefferson Davis Parish and from case number 373-150 from Orleans Parish.
Background and Procedural History
On May 1, 2008, in case number 06-1094, defendant was convicted of possession with the intent to distribute cocaine in violation of La. R.S. 40:967. Defendant is not contesting this conviction in this appeal. Therefore, the facts of this conviction are not relevant to this appeal.
On July 7, 2008, the state filed a bill of information charging defendant under La. R.S. 15:529.1 as being a four time multiple offender. That bill alleged a total of five predicate convictions. These were: first, 06-1094, defendant’s most recent conviction from Jefferson Parish; second, 414743, a conviction from [aOrleans Parish; third, CR-7654-94, a conviction from Jefferson Davis Parish; fourth, 370-671, a conviction from Orleans Parish; and fifth, 373-150, a conviction from Orleans Parish.
On April 17, 2009, the trial court held a hearing and determined that defendant was a fourth time offender under La. R.S. 15:529.1. This was a determination of fact, that defendant was the same person who had been convicted at least four times as alleged in the bill of information. Subsequent to this finding, the trial court resen-tenced defendant to serve a term of life imprisonment, with credit for time served, without the benefit of parole, probation, or suspension of sentence. Defendant now appeals this habitual offender finding.
Discussion
The trial court found that the state met its burden of establishing that defendant charged as a multiple offender was the same person who was convicted of at least four of the alleged convictions. The issue in this appeal is whether that finding of fact was clearly wrong.
To prove that defendant is a habitual offender, the state must establish, by competent evidence, that defendant is the same person who was convicted of the predicate felonies. State v. Perkins, 99-1084 (La.App. 5 Cir. 1/25/00), 751 So.2d 403, 406, writ denied, 00-0656 (La.12/15/00), 777 So.2d 476, citing State v. Chaney, 423 So.2d 1092 (La.1982); State v. Bailey, 97-302. (La.App. 5 Cir. 4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. Because it is a question of fact, the state must prove that defendant is the same person who committed the predicate crimes it alleged beyond a reasonable doubt. La. R.S. 15:529.1. The trial court’s determination of this question of fact will only be reversed by this Court if it is clearly wrong.
The state may meet this burden by various means, such as (1) the testimony of witnesses to prior crimes, (2) photographs contained in a duly authenticated | ¿record, (3) expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or (4) evidence of identical driver’s license number, sex, race and date of birth. State v. Dudley, 06-1087 (La.App. 1 Cir. 9/19/07), 984 So.2d 11, writ not considered, 08-1285 (La.2009), 25 So.3d 783; State v. Perkins, supra, citing State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988), reh’g denied, 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 923 (1988); State v. Bailey, supra.
This Court has held that testimony comparing a defendant’s fingerprints with fin *1080 gerprints found on prior arrest records is sufficient to prove that defendant was the person convicted of a prior felony. State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, writ denied, 98-792 (La.9/16/98), 721 So.2d 477.
While matching fingerprints may be the most common way to prove that the current defendant is the same defendant who committed the predicate crimes, courts have made valid multiple offender findings without such evidence. The Habitual Offender Act, La. R.S. 15:529.1, does not require the state to use a specific type of evidence to carry its burden; prior convictions may be proved by any competent evidence. State v. Dudley, supra, citing State v. Payton, 00-2899 (La.3/15/02), 810 So.2d 1127.
For example, in State v. Bailey, this Court held that the defendant was sufficiently linked to a predicate crime, when the trial court received supporting testimony of the prosecutor of that predicate crime, who stated that the defendant currently before the court was the person convicted of the predicate crime. 713 So.2d 588, 611 (1998).[1]
Here, defendant does not contest three of the convictions alleged in the multiple offender bill filed against him. Those convictions are: the first alleged | r,conviction, numbered 06-1094; the second alleged conviction, numbered 414-743; and the fifth alleged conviction, numbered 370-671. Also, defendant does not argue that any of the alleged predicate convictions were obtained in violation of his constitutional rights. Defendant argues only that there was an insufficient link between his identity and the identity of the person, or persons, convicted in Jefferson Davis Parish case number CR-7654-94 and Orleans Parish case number 373-150. For reasons that follow, we find that the trial court did not commit a reversible error when it found that defendant was the same person convicted of each of these prior crimes.
The First Challenged Conviction — Case Number CR-7Q5U-9U
First, defendant argues that there was an insufficient link between him and the person convicted in case number CR-7654-94. The evidence, however, does not support his claim. On April 15, 2009, at defendant’s multiple offender hearing, the state put on evidence to prove that defendant was the person convicted in case number CR-7654-94. This evidence included an arrest booking card, a certified conviction packet, and the testimony of an expert fingerprint examiner.
In its first step of linking defendant to the conviction from CR-7654-94, the state had its expert fingerprint defendant before trial; this print was admitted as State’s Exhibit 1. The state then entered into evidence the arrest booking card created in connection with CR-7654-94; this was admitted as State’s Exhibit 2. This booking card showed, among other relevant information, prints of all ten fingers of the arrested person. The state’s fingerprint expert compared the prints on State’s Exhibit 1 with prints on the arrest booking card, State’s Exhibit 2. This expert testified that in her opinion, the fingerprints on the two exhibits matched. Based on this expert’s testimony, the trial court found that defendant sitting before it that day *1081 was the same person who was fingerprinted on State’s Exhibit 2.
16The state’s next step was to link State’s Exhibit 2 with a certified conviction packet from case number CR-7654-94. This packet contained certified copies of the bill of information, the plea of guilty, the waiver of rights form, and the Boykini-zation and sentencing minutes of the court; it was admitted as State’s Exhibit 6. The trial court observed that both State’s Exhibit 2 and State’s Exhibit 6 stated defendant’s name, date of birth, sex, and social security number. The trial court observed further that the attorney representing the person described in State’s Exhibit 6 was the same attorney who represented defendant in another criminal case. Based on this evidence, the trial court found that defendant who was convicted in State’s Exhibit 6 was the same person before the court that day.
In analyzing the link between State’s Exhibit 2 and State’s Exhibit 6, this Court notes that while the link was not perfect, it was also not inconsistent. While neither exhibit lists a driver’s license number, both exhibits list the same social security number. On the question of defendant’s race, State’s Exhibit 2 indicates that the arrested person was black; State’s Exhibit 6 is silent on the matter. Finally, State’s Exhibit 6 states that the “offense occurred on 3-16-94” while State’s Exhibit 2 states the arrest date as “8-17-94.” Because an offense usually happens before an arrest, this difference between the two exhibits is not an inconsistency.
Taking the evidence as a whole, we cannot say that the trial court was clearly wrong when it linked defendant to this predicate conviction through State’s Exhibits 1, 2, and 6. Therefore, we affirm the trial court’s finding that defendant was the same person convicted in case number CR-7654-94.
The Second Challenged Conviction — Case Number 373-150
Second, defendant argues that there was an insufficient link between him and the person convicted in case number 373-150. We have ruled that there was sufficient evidence to link defendant to the conviction from case number CR-7654-94. Further, defendant did not contest his conviction from case numbers: 06-1094, | ^414— 743, and 370-671. Because four convictions of defendant have been validly found, in this case, the requirements of the Habitual Offender Act have been met. Therefore, defendant’s second argument is moot and we hereby affirm the finding of the trial court that defendant, Undra Holmes, is a four time habitual offender under La. R.S. 15:529.1.
Error Patent Discussion
We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals that there is one error patent which requires corrective action and there are five errors patent which do not require corrective action.
Corrective action is required because defendant’s habitual offender sentence is illegal. Defendant was convicted of possession with intent to distribute cocaine and sentenced as a fourth felony offender to life imprisonment, without the benefit of probation, parole, or suspension of sentence. The trial court had the discretion to give defendant a sentence of this length under La. R.S. 15:529.1(A)(4)(a); it was not mandatory. Its error however occurred in the trial court’s complete restriction from parole eligibility.
A defendant’s sentence under the Habitual Offender Act is determined by the sentencing provisions of both the underlying crime and the Habitual Offender Act. See State v. Bruins, 407 So.2d 685 *1082 (La.1981). The possession with intent to distribute statute requires the restriction of parole for the first two years only. La. R.S. 40:967(B). Also, the applicable provisions of the Habitual Offender Act do not preclude eligibility for parole. La. R.S. 15:529.1(G); 15:529.1(A)(4)(a). Accordingly, the trial court’s denial of parole eligibility for the entirety of defendant’s habitual offender sentence is not legally correct.
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C.Cr.P. art. 882. Therefore, lRwe hereby amend defendant’s sentence to reflect that only the first two years of defendant’s life sentence is to be served without the benefit of parole, and remands this case to the trial court for correction of the commitment and transmission of the amended commitment to the Department of Corrections.[2]
No corrective action is required on the remaining errors patent. First, defendant was not advised of his rights before the habitual offender proceeding. La. R.S. 15:529.1 provides that the trial court shall inform defendant of the allegations contained in the bill of information, his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. La. R.S. 15:529.1 also implicitly requires that the trial court advise defendant of his right to remain silent. State v. Johnson, 482 So.2d 815, 817 (La.1983).
The failure of a trial court to advise the defendant of his right to a hearing and his right to remain silent is not considered reversible error when the defendant’s habitual offender status is established by competent evidence offered by the state at a hearing rather than by admission of the defendant. State v. Bell, 03-217 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90. Here, as discussed above, the state introduced sufficient proof through competent evidence that defendant was the person who committed the predicate offenses. Thus, we find that the trial court’s failure to advise defendant of his multiple offender rights is not a reversible error.
Second, the trial court also erred when it failed to notify defendant of the prescriptive period at the conclusion of his habitual offender sentencing pursuant to La.C.Cr.P. art. 930.8. While the commitment states that defendant was advised of his post-conviction prescriptive period, this is not reflected in the transcript of the l9habitual offender sentencing hearing. When there is a discrepancy between the transcript and the minutes, the transcript governs. State v. Lynch, 441 So.2d 732, 734 (La.1983).
While this was an error, La. C.Cr. P. art. 930.8 does not require a trial court to advise defendant of the time limitations for filing post-conviction relief more than once. State v. Harris, 01-1380 (La.App. 5 Cir. 4/30/02), 817 So.2d 387. On defendant’s first appeal, it was noted that, at the conclusion of his original sentencing, the trial court failed to notify defendant of the two-year prescriptive period for filing post-conviction relief. This Court therefore advised defendant in its opinion that “no application for post-conviction relief, including an application which seeks an out of time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provi *1083 sions of La.C.Cr.P. arts. 914 and 922.” See State v. Holmes, 08-719 (La.App. 5 Cir. 3/10/09), 10 So.3d 274, writ denied, 09-816 (La.1/8/10), 24 So.3d 857. This Court gave this advice to defendant on March 10, 2009, before the habitual offender hearing and sentencing on April 17, 2009. Given that defendant has already been advised by this Court of the prescriptive period, no corrective action is necessary.
Third, the habitual offender bill of information contains an error regarding the statutory citation for the underlying conviction sought to be enhanced. The habitual offender bill alleged that defendant was charged in a bill of information filed on March 21, 2006, with violating La. R.S. 40:966(A) in case number 06-1094. The actual underlying charge and conviction in this case however was for the crime of possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A). Notably, the docket number and division for the offense the state sought to enhance were correct. Also, the court that presided over defendant’s trial |inof this underlying offense was the same court that presided over defendant’s habitual offender hearing.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, art. I, § 13. A clerical error in the bill does not require a dismissal of the bill or reversal of a conviction if the error or omission does not mislead the defendant to his prejudice. La. C.Cr. P. art. 464; State v. Varnado, 01-367 (La.App. 5 Cir. 9/13/01), 798 So.2d 191, 194; State v. Jason, 99-2551 (La.App. 4 Cir.12/6/00), 779 So.2d 865, 873, writ denied, 01-0037 (La.11/9/01), 801 So.2d 357.
In this case, the habitual offender bill contained the correct case number, division, and date of conviction for the felony sought to be enhanced. It was apparent which conviction the state sought to enhance as defendant was only tried and convicted of one crime in this case. Moreover, the trial court held a habitual offender hearing where there is no indication that defendant was confused or uninformed because of this error. Given these considerations, we find that the error in the habitual offender bill of information did not mislead or prejudice defendant and that therefore there is no corrective action required.
Fourth, the transcript of the multiple offender hearing shows the trial court erred when it failed to vacate defendant’s original sentence before it resentenced defendant. The error requires no corrective action however because the minute entry reflects that defendant’s original sentence was vacated. In State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, this Court found that a multiple offender sentence was valid when the commitmeni/min-ute entry reflected that the defendant’s original sentence was vacated, but the transcript failed to indicate that the trial judge had done so. This Court reasoned that the defendant’s rights were protected because the commitment/minute entry eliminated any possible confusion as to the terms of the defendant’s confinement. The same situation is presented in |nthis case. Given that the defendant’s right to be free from an improper double sentence is protected by the minute entry, we find no need to take corrective action on this patent error.
Finally, there is an inconsistency between the transcript and the commitment. Although the commitment indicates defendant was sentenced to life imprisonment at hard labor, in the transcript the trial judge failed to state that the sentence was to be served at “hard labor.” As stated before, if a discrepancy exists between the com *1084 mitment and the transcript, the transcript prevails. State v. Lynch, supra.
La.C.Cr.P. art. 879 requires the trial court to impose a determinate sentence. If a sentence is indeterminate, the matter should be remanded for the trial judge to clarify the sentence on resen-tencing. State v. Lachney, 621 So.2d 846, 848 (La.App. 5 Cir.1993); State v. Lai, 04-1053 (La.App. 5 Cir. 4/26/05), 902 So.2d 550, writ denied, 05-1681 (La.2/3/06), 922 So.2d 1175. For example, if there was some discretion allowed by the applicable sentencing statute, the failure to indicate whether the sentence was to be served at “hard labor” would be an impermissible indeterminate sentence. State v. Norman, 05-794 (La.App. 5 Cir. 3/14/06), 926 So.2d 657, 661, writ denied, 06-1366 (La.1/12/07), 948 So.2d 145. However, when the underlying statute requires the sentence to be served at hard labor, allowing no discretion to the trial judge, the error is harmless. State v. Stewart, 10-389 (La.App. 5 Cir. 5/10/11), 65 So.3d 771, writ denied, 11-1245 (La.1/20/12), 78 So.3d 140.
Here, defendant was sentenced as a four time multiple offender, a sentence required to be served at hard labor. La. R.S. 15:529.1(G). Thus, because La. R.S. 15:529.1 affords the trial judge no discretion, the error was harmless and the 112sentence is not an impermissible indeterminate sentence.[3] As to this error, we find that no corrective action is necessary.
Accordingly, the judgment of the trial court adjudicating defendant to be a four time offender under La. R.S. 15:529.1 is hereby affirmed. We remand this case to the trial court to amend the commitment to reflect the corrected sentence and to transmit the corrected commitment to the Louisiana Department of Corrections.

AFFIRMED IN PART, REMANDED IN PART

. Also, in State v. Dudley, supra, the First Circuit upheld the multiple offender conviction where there was a match between the fingerprints of the defendant currently charged as a multiple offender and fingerprints taken by the Department of Corrections "in connection with” the predicate conviction. This fingerprint evidence was sufficient for the First Circuit to uphold the conviction despite the fact that fingerprints were not on the bill of information for the predicate crime. Id. at 28.

. La. R.S. 15:574.4(A) makes defendant ineligible for parole; that statute however is only applicable to the Department of Corrections. Therefore, while this sentence by the trial court is illegal and therefore needs correction, this correction will have little practical effect for defendant. See State v. Hardy, 47,077 (La.App. 2 Cir. 5/16/12), 92 So.3d 1090, 1095.

. See State v. Norman, supra, and State v. Laviolette, 06-92 (La.App. 5 Cir. 9/26/06), 943 So.2d 527, writ denied, 06-2585 (La.5/18/07), 957 So.2d 149 (finding the failure by the trial judge to state that the sentence be served at hard labor, where the commitment accurately reflects the sentence to be served, is not an error requiring corrective action.)