LOLLEY, J.
| j This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana, whereby the defendant, Waco Collins, Jr., pled guilty to: possession of over 400 grams of cocaine, a violation of La. R.S. 40:967F(l)(c); distribution of a Schedule II Controlled Dangerous Substance, a violation of La. R.S. 40:967A(1); and, conspiracy to distribute a Schedule II Controlled Dangerous Substance, a violation of La. R.S. 14:26 and La. R.S. 40:967A(1). He was adjudicated a fourth felony offender and sentenced on each conviction to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, the sentences to run concurrently, and with credit for time served. Collins now appeals, and for the reasons stated herein, we affirm.
Facts
On February 27, 2012, Collins and three others were arrested as a result of a complex, undercover drug operation. Upon arrest, and after being advised of his Miranda rights, the defendant informed officers about his drug trading business and surrendered his remaining supply of cocaine. The total weight of the cocaine recovered from each arrest was about one kilogram. On September 25, 2012, the defendant, present with counsel, pled guilty to possession of over 400 grams of cocaine, distribution of a Schedule II Controlled Dangerous Substance, and conspiracy to distribute a Schedule II Controlled Dangerous Substance.
Subsequent to Collins’ guilty plea, the state filed a habitual offender bill of information under La. R.S. 15:529.1 seeking to have the defendant declared a fourth felony offender based on three prior convictions: (1) ^possession of a Schedule II Controlled Dangerous Substance on February 16, 1995; (2) armed robbery on July 2, 1996; and (3) aggravated battery on May 17, 1999. The record indicates that the state originally - sought to have the defendant adjudicated a fifth felony offend *914 er; however, because two felony convictions were pled on the same date and related to the same crime, it charged him only as a fourth felony offender.
To prove the first felony conviction, the state produced: a November 20, 1994, bill of information; court minutes bearing the name of the defendant, the crime charged, and a conviction date of February 16,1995; and, a set of fingerprints taken by a deputy sheriff on February 16, 1995. To prove the defendant’s second felony conviction, the state produced: a March 13, 1995, amended bill of information; court minutes bearing the name of the defendant, the crime charged, and a conviction date of July 2, 1996; and, a set of fingerprints bearing the defendant’s name taken by a deputy sheriff on July 2, 1996. To prove the third conviction, the state produced: a February 4, 1999, bill of information; court minutes bearing the name of the defendant, the crime charged, and a conviction date of May 17, 1999; and, a set of fingerprints taken by a deputy sheriff on May 17, 1999. Each document bore a raised seal and signature and was certified by the Caddo Parish Clerk of Court’s Office as being a true copy of the original court record. Additionally, the fingerprints used by the state to prove the identity of the defendant were obtained in accordance with La.C.Cr.P. art. 871(B)(1)(a) which provides, in pertinent part, that “[i]n every judgment of guilty of a felony ..., the sheriff shall cause to be attached to the bill of information or indictment the fingerprints of the defendant against whom [3such judgment is rendered.” The documents tendered by the state were compiled into separate exhibits with each exhibit representing one of the three predicate felony convictions.
At the habitual offender hearing, the state presented the testimony of Lt. Owen McDonnell, who was accepted without objection as an expert in fingerprint comparison and analysis. Using a set of fingerprints obtained from the defendant prior to the hearing, Lt. McDonnell examined the fingerprints in each of the state’s exhibits, and testified that each of them matched the defendant’s prints taken that day in court.
To further strengthen its ease, the state requested that Lt. McDonnell also examine each exhibit and compare the conviction date found in the court minutes with each date the fingerprints were taken. Lt. McDonnell explained that each date found on the fingerprints coincided with the corresponding conviction date. For example, in state’s exhibit S-2, which was tendered in support of the first predicate felony conviction, possession of a Schedule II Controlled Dangerous Substance, the court minutes revealed that the defendant pled guilty on February 16, 1995. The fingerprint document found in state’s exhibit S-2 also revealed that the defendant’s fingerprints were taken by a deputy sheriff in court on February 16, 1995, in accordance with La.C.Cr.P. art. 871(B)(1)(a).
Following cross-examination, the defendant objected to the introduction of the fingerprints as hearsay on the basis that the fingerprints were not identified with the respective bills of information tendered for each prior conviction. The defendant’s objection was overruled and the fingerprints and testimony were entered into evidence. Ultimately, the trial |4court found that the state proved, beyond a reasonable doubt, that the defendant charged as a habitual offender was the same person who was convicted of the alleged convictions and sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. It is from this conviction and sentence as a multiple offender that the defendant appeals.
*915 Discussion
On appeal, Collins assigns two assignments of error, both related to the state’s burden of proving, beyond a reasonable doubt, his status as a multiple offender. Specifically, the defendant takes issue with the methodology used by the state to prove his identity; he argues that the fingerprints are not properly linked to the corresponding bills of information and, therefore, do not qualify as competent evidence. We disagree.
To prove that a defendant is a habitual offender, the state is required to establish, by competent evidence, that there is a prior felony conviction and that the defendant is the same person who was convicted of that prior felony. State v. Payton, 2000-2899 (La.03/15/02), 810 So.2d 1127; State v. Bobo, 46,225 (La.App.2d Cir.06/08/11), 77 So.3d 1, writ denied, 2011-1524 (La.12/16/11), 76 So.3d 1202. Because it is a question of fact, the state must prove that the defendant is the same person who committed the prior crimes it alleged beyond a reasonable doubt. La. R.S. 15:529.1; State v. Holmes, 12,351 (La.App. 5th Cir. 12/11/12), 106 So.3d 1076, writ denied, 2013-0086 (La.06/14/13), 118 So.3d 1080. The trial court’s determination of this question of fact will only be reversed if it is clearly wrong. Holmes, supra.
|./Various methods of proof establishing identity have been recognized as sufficient to sustain the state’s burden of proof including testimony of witnesses, expert opinion as to fingerprints, photographs contained in duly authenticated records, and evidence of identical driver’s license number, sex, race, and date of birth. State v. Brown, 2011-1656 (La.02/10/12), 82 So.3d 1232; State v. Henry, 42,416 (La.App.2d Cir.09/19/07), 966 So.2d 692, writ denied, 2007-2227 (La.08/29/08), 989 So.2d 95.
Here, the state elected to prove the identity of the defendant in the prior convictions by taking the defendant’s fingerprints in the courtroom on the day of the multiple offender hearing and having an expert compare them to the fingerprints from the defendant’s prior convictions. The state also had the expert link each set of fingerprints to the corresponding felony conviction by comparing the date found on the fingerprints to the date of conviction as shown in the court minutes.
While we recognize the fingerprints do not contain such items as the suit number or the defendant’s signature, they do contain evidence sufficient to link them to each felony conviction alleged by the state. Thus, when Lt. McDonnell compared the defendant’s fingerprints taken in court the day of the hearing with the fingerprints found in each of the state’s exhibits, as well as explained the relationship between the conviction dates and the dates the fingerprints were taken, this created overwhelming circumstantial evidence that the defendant was the same person convicted in each of the three predicate felony convictions.
Moreover, and crucial to our finding, each document tendered by the state was certified as being a true copy. That is to say, the Caddo Parish |6Clerk of Court’s Office certified by signature and seal that the bills of information, court minutes, and fingerprint documents were copies of the original documents that came out of the files bearing the case number, charge, and the defendant’s name.
We conclude that the evidence was sufficient to prove, beyond a reasonable doubt, that the defendant was the same person who was convicted of each predicate felony conviction. Accordingly, this conviction is valid for habitual offender purposes, and *916 the defendant’s assignments of error are without merit.
Conclusion
Considering the foregoing, the conviction and sentence of Waco Collins, Jr., is affirmed.
AFFIRMED.