STEPHENS, J.
This criminal appeal by Stephen Michael McGill arises from the First Judicial District Court, Caddo Parish, State of Louisiana. Following a jury trial, McGill was convicted of aggravated second degree battery, in violation of La. R.S. 14:34.7, and subsequently adjudicated a fourth-felony habitual offender and sentenced to the *874 mandatory term of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. McGill appealed, and this Court affirmed his conviction but vacated his habitual offender adjudication and sentence. On remand, McGill was adjudicated a third-felony offender and sentenced to 27 years at hard labor, without benefit of probation, parole, or suspension of sentence, with credit for time served. McGill now appeals his adjudication as a third-felony offender. For the following reasons, we affirm McGill's habitual offender adjudication and sentence.
FACTS
Following a jury trial, McGill was convicted of aggravated second degree battery, in violation of La. R.S. 14:34.7, for stabbing and severely beating his girlfriend, Cynthia Darby. McGill was subsequently adjudicated a fourth-felony habitual offender based on the following predicate offenses:
• Aggravated battery, Criminal Docket No. 168,402: pled guilty on May 25, 1994; four years at hard labor, three years suspended with three years' probation;
• Possession of a firearm by a convicted felon, Criminal Docket No. 189,131: convicted on August 20, 1997; ten years at hard labor;
• Possession of Schedule II CDS, Criminal Docket No. 257,640: pled guilty on September 10, 2007; five years at hard labor; and,
• Attempted possession of a firearm by a convicted felon, Criminal Docket No. 290,195: pled guilty on October 28, 2010; five years at hard labor.
McGill was sentenced to the mandatory term of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. On appeal, this court affirmed McGill's conviction, but found that the repeated use of predicate offenses in his habitual offender adjudication constituted double enhancement. Notably, the aggravated battery conviction in Docket No. 168,402 was used as an element in the possession of a firearm by a convicted felon conviction in Docket No. 189,131, and the possession of a firearm by a convicted felon conviction in Docket No. 189,131 was used as an element in the attempted possession of a firearm by a convicted felon conviction in Docket No. 290,195. Therefore, this court vacated the habitual offender adjudication and sentence and remanded the matter for further proceedings. State v. McGill , 50,994 (La App. 2 Cir. 1/11/17), 213 So.3d 1181, writ not cons. , 2017-0455 (La. 4/24/17), 219 So.3d 329.
Following remand, the state filed a third-felony habitual offender bill of information based on the following predicate offenses:
• Possession of a firearm by a convicted felon, Criminal Docket No. 189,131: convicted August 20, 1997; ten years at hard labor; and,
• Possession of Schedule II CDS, Criminal Docket No. 257,640: pled guilty on September 10, 2007; five years at hard labor.
A second habitual offender hearing was held, during which the trial court took judicial notice of both the prior habitual offender hearing and the trial on the merits. The trial court subsequently adjudicated McGill a third-felony offender and sentenced him to 27 years at hard labor. This appeal by McGill ensued.
DISCUSSION
McGill brings only one assignment of error, arguing that the trial court erred in finding he was a third-felony habitual offender. Specifically, he maintains that the state did not sufficiently prove he was the *875 same person who had been convicted of the two predicate convictions alleged at the second habitual offender adjudication hearing. We disagree.
At the first habitual offender hearing, the state presented certified copies of the bills of information with fingerprints and certified copies of the court minutes of the two predicate convictions alleged here. Lieutenant Owen McDonnell, an expert in fingerprint analysis, testified that he had taken McGill's fingerprints in open court prior to the hearing and compared them to McGill's fingerprints located in the two prior conviction records. He testified that the fingerprints in the documents related to Docket No. 189,193, possession of a firearm by a convicted felon, matched those of McGill taken in court and that the date of conviction in that docket number was August 20, 1997. Lt. McDonnell further testified that the fingerprints in the documents related to Docket No. 257, 640, possession of a Schedule II CDS, also matched those of McGill taken in court and that the date of conviction in that docket number was September 10, 2007.
On remand at McGill's second habitual offender hearing, the state, again, presented certified copies of the bills of information with fingerprints and certified copies of the court minutes for both prior convictions. Like Lt. McDonell, Sergeant Danny Duddy, an expert in fingerprint identification and analysis, testified that he had taken McGill's fingerprints in open court prior to the hearing and compared them to McGill's fingerprints located in the two prior conviction records. He testified that the fingerprints in the documents related to Docket No. 257,640, possession of a Schedule II CDS, matched those of McGill taken in open court and that the date of conviction for that drug offense was October 3, 1997. Sergeant Duddy further testified that he was not able to make a comparison of the fingerprints contained in the documents related to Docket No. 189,131, possession of a firearm by a convicted felon, because the fingerprints, presented on a microfilm copy of the bill of information, were too small and of low quality.[1] While Sgt. Duddy testified that based on the fingerprints, he was not able to determine if McGill was the person who was actually charged in that case, he did note that McGill's full name was on the bill of information and the minutes showed McGill was convicted of that offense on September 10, 2007. Notably, during his testimony, Sgt. Duddy inadvertently transposed the dates of McGill's two prior felony convictions-the conviction for possession of a firearm by a convicted felon occurred on August 20, 1997, and the sentence was imposed on October 3, 1997, while the conviction for possession of a Schedule II CDS occurred on September 10, 2007.
Following arguments at the second hearing, the trial court reviewed the record from the first hearing and took judicial notice of the prior habitual offender hearing but stated it did not consider the exhibits from that hearing because although they were introduced into evidence, they were apparently never provided to the clerk to be made a part of the record and were believed to still be in the possession of the state. The trial court additionally reviewed the transcript and took judicial notice of McGill's trial on the merits, specifically McGill's testimony during which he admitted to both prior convictions. Thereafter, the trial court held that the state had met its burden of proof to establish *876 beyond a reasonable doubt that McGill was the same person who was convicted of the two prior felonies in docket numbers 189,131 and 257,640.
To meet its burden under the Habitual Offender Act, the state must establish both the prior felony conviction and the defendant's identity as the same person who committed that prior felony. State v. White , 2013-1525 (La. 11/8/13), 130 So.3d 298 ; State v. Broome , 49,004 (La. App. 2 Cir. 4/9/14), 136 So.3d 979, writ denied , 2014-0990 (La. 1/16/15), 157 So.3d 1127. Both the identity and the prior conviction alleged must be proven beyond a reasonable doubt. La. R.S. 15:529.1(D)(1)(b) ; State v. Brown , 2011-1656 (La. 2/10/12), 82 So.3d 1232 ; State v. Broome , supra . The trial court's determination of this question of fact will only be reversed if it is clearly wrong. State v. Collins , 48,782 (La. App. 2 Cir. 2/26/14), 136 So.3d 912, writ denied , 2014-0645 (La. 10/31/14), 152 So.3d 150.
The Louisiana Supreme Court has repeatedly held that the Habitual Offender Act does not require the state to use a specific type of evidence to carry its burden at a habitual offender hearing. Rather, prior convictions may be proved by any competent evidence. State v. White , supra . Various methods of proof establishing identity have been recognized as sufficient to sustain the state's burden of proof, including testimony of witnesses, expert opinion as to fingerprints, photographs contained in duly authenticated records, and evidence of identical driver's license number, sex, race, and date of birth. State v. Payton , 2000-2899 (La. 3/15/02), 810 So.2d 1127 ; State v. Collins , supra .See also State v. Stanfield , 2013-1193 (La. App. 4 Cir. 3/26/14), 137 So.3d 788, writ denied , 2014-0833 (La. 11/21/14), 160 So.3d 969 (matching the fingerprints on the bill of information from the initial crime is not required for the state to prove that a defendant charged as a habitual offender is the same person previously convicted); State v. George , 2015-1189 (La. App. 4 Cir. 11/9/16), 204 So.3d 704, writ denied , 2016-2242 (La. 3/24/17), 216 So.3d 814 (certified conviction packet and the defendant's trial testimony admitting his prior conviction were sufficient to support the defendant's adjudication as a second-felony habitual offender).
The trial court can properly take judicial notice of the defendant's trial testimony admitting his prior convictions in finding that the state presented sufficient proof at the habitual offender hearing that the defendant was the same person who had pled guilty to the predicate offenses. State v. Brown , supra , citing State v. Jones , 332 So.2d 461 (La. 1976) (A trial judge may take judicial notice during habitual offender proceedings "of any prior proceeding which was a part of the same case he had previously tried."). See also State v. Roland , 49,660 (La. App. 2 Cir. 2/27/15), 162 So.3d 558, writ denied , 2015-0596 (La. 2/19/16), 186 So.3d 1174 ("On remand in habitual offender proceedings, another habitual offender hearing presenting evidence to readjudicate is not necessarily required.").
McGill argues that Sgt. Duddy's failure to identify his fingerprints on the bill of information regarding the conviction for possession of a firearm by a convicted felon as well as Sgt. Duddy's incorrect testimony regarding the dates of McGill's prior convictions should have precluded the trial court from determining the state sufficiently proved he was a third felony offender. However, although Sgt. Duddy was unable to match McGill's fingerprints taken the day of the second hearing with those from McGill's firearm conviction, McGill admitted at the trial on the merits that he was previously convicted of possession of a firearm by a convicted felon in *877 1997 and of possession of cocaine in 2007. Likewise, despite Sgt. Duddy's incorrect testimony as to the dates of McGill's prior convictions, McGill's testimony was consistent and corresponded with the certified documents introduced by the state at both the first and second habitual offender hearings which reflect the correct dates of the convictions. The trial court properly took those admissions into account in finding that the state presented sufficient competent evidence to establish McGill's identity and prior convictions.
Furthermore, the trial court was clearly permitted to take judicial notice during the second habitual offender hearing of any prior proceedings which were a part of the same case. Our prior opinion vacating the first habitual offender adjudication was based only on double enhancement and not the sufficiency of the evidence of identity; as such, the trial court was not required to conduct an entirely new hearing when the evidence introduced at the first hearing would have been sufficient to establish identity. Nevertheless, the trial court appropriately took judicial notice of the evidence admitted in McGill's first habitual offender hearing and his admissions during the trial on the merits.
The trial court gave appropriate weight to witness testimony, properly took judicial notice of the record and the prior proceedings, including the trial court's own personal knowledge of McGill's admissions during trial, and considered the exhibits, including the fingerprints, the certified minutes, and the bills of information for each prior conviction. Sergeant Duddy's failure to match McGill's fingerprints during the second habitual offender hearing does not lessen the weight of the other evidence presented-notably, that McGill admitted to the convictions at the trial on the merits and that proof of McGill's prior offenses was already in the record from the first habitual offender hearing. Louisiana law is clear that there is not an exclusive method required to prove prior felony convictions. Here, the abundant evidence, accumulated over three proceedings, was clearly sufficient to prove beyond a reasonable doubt that McGill was the same person who was convicted of both predicate felony convictions. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, Stephen Michael McGill's adjudication as a third-felony habitual offender and sentence are affirmed.
AFFIRMED.

The fingerprint identified by Lt. McDonnell at the first hearing was a full-size image of better quality.